United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Omar E. Rodriguez and Alina M. Rodriguez, Appellants,<br><br>v.<br><br>Barry E. Mukamal, as Trustee, Appellee. | Bankruptcy Appeal<br>Case No. 20-20583-Civ-Scola |

### Order Affirming Bankruptcy Court Judgment

The United States Bankruptcy Court for the Southern District of Florida, on January 9, 2020, entered an order sustaining Appellee-Trustee Barry E. Mukamal's objection to Appellants-Debtors Omar E. Rodriguez and Alina M. Rodriguez's claimed homestead exemption for real property located in Miami Lakes, Florida. (Bankr. Ct. Order, ECF No. 6-2, 289–299.) The Debtors ask the Court to reverse that decision, arguing they are entitled to the exemption because they acquired the property after filing for Chapter 13 bankruptcy, but before converting their bankruptcy case to Chapter 7. (Appellants' Br., ECF No. 18, 4.) The Trustee counters the Debtors identified a *different* property as their homestead, as of the date of their Chapter 13 petition, and cannot transfer or expand application of the homestead exemption to another property, acquired post-petition. (Appellee's Resp., ECF No. 21, 12.) The Debtors have, in turn, replied to the Trustee's response. (Appellants' Reply Br., ECF No. 22.) After careful review of the parties' briefing and the record in this case, the Court finds the bankruptcy court's well-reasoned decision should be **affirmed**.

1. **Background**

This case began in August 2013, when the Debtors filed a voluntary Chapter 13 petition. (Bankr. Ct. Order at 2.) In their petition's "Schedule A," the Debtors disclosed their interest in real property, a unit in a building located in Miami Lakes, Florida ("Unit 204"). (*Id.*) The Debtors were living in this unit at the time of their August 2013 filing. (*Id.*) And, while they did not claim Unit 204 as exempt, as their constitutional Florida homestead, on their petition's "Schedule C," the Debtors nonetheless described the unit as their "Homestead" on Schedule A and described the first and second mortgages encumbering the unit as "Mortgage[s] on Homestead" on their petition's "Schedule D." (*Id.*)

Four months after filing their petition, the Debtor-wife's mother died, leaving to the Debtor-wife another unit, in the same building ("Unit 106"). (*Id.*) The Debtors continued to live in their original unit, Unit 204, through mid- to

late-2015, when they moved into Unit 106, after Unit 204 was sold through foreclosure. (*Id.* at 3.) Despite their acquisition of Unit 106 in December 2013, the Debtors did not disclose their interest in the property until April 30, 2019, after converting their Chapter 13 bankruptcy into Chapter 7. (*Id.*) In their April 2019 amended "Schedule A/B," the Debtors claimed Unit 106 as exempt property as their constitutional Florida homestead. (*Id.*) Shortly thereafter, the Trustee objected to the claimed exemption. (*Id.*) The Debtors' appeal asks the Court to reverse the bankruptcy court's decision, sustaining that objection.

## 2. Discussion

The Debtors' precise arguments are difficult to discern. In their own words, they submit, "if [Unit 106] is determined to be property of the estate, the homestead exemption should be allowed," because the Debtors "always knew[,] upon the death of the [decedent,] they would move into th[e] property." (Appellants' Br. at 7.) The Debtors also argue the exemption should be applied, upon conversion from Chapter 13 to 7, because "a strict reading" of certain bankruptcy code provisions does not prohibit it. (*Id.*) Further, they contend, "[i]f the Chapter 7 trustee owned this property," presumably referring to Unit 106, "as the trustee claims, then the property would be vested in the Debtors[] upon confirmation of the Debtors' chapter 13 plan." (*Id.* at 8.) The Court finds the Debtors' arguments all miss the mark.

To begin with, Unit 106 became property of the bankruptcy estate by virtue of 11 U.S.C. § 541(a)(5)(A). Ordinarily, property of the estate is determined at the commencement of a bankruptcy case. A limited exception, however, is when, within 180 days of filing a petition, a "debtor acquires or becomes entitled to acquire . . . by bequest, devise, or inheritance" "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition." 11 U.S.C. § 541(a)(5)(A). The Debtor-wife, here, became entitled to acquire Unit 106 upon her mother's death on December 28, 2013—or 128 days after the August petition date. Unit 106, then, is, unquestionably, property of the bankruptcy estate. *See In re Hunter*, 261 B.R. 789, 792 (Bankr. M.D. Fla. 2001) ("The current Section 541(a) does not use the term 'vest,' but provides that any interest in property which the Debtor acquired or became entitled to acquire by bequest, devise or inheritance within 180 days after the commencement of the case is property of the estate.")

Thereafter, under § 348(f), Unit 106 remained property of the estate upon conversion of the Debtors' bankruptcy from Chapter 13 to Chapter 7. 11 U.S.C.A. §§ 348(f)(1)(A), (f)(2) (setting forth that, absent bad faith, property of the estate in a converted case, consists of "property of the estate, as of the date

of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion"). "The purpose of § 348(f)(1) is to avoid penalizing debtors for their chapter 13 efforts by placing them in the same economic position they would have occupied if they had filed chapter 7 originally." *In re Morrison*, 403 B.R. 895, 904 (Bankr. M.D. Fla. 2009) (cleaned up).[1] Here, had the Debtors filed a Chapter 7 case originally, Unit 106 would have become property of the Chapter 7 estate by operation of § 541(a)(5)(A), as explained above.

While it indeed may be true that Unit 106 is *now* the Debtors' Florida homestead property, this does not mean that it qualifies as an exemption they can assert in the instant bankruptcy proceeding. This is because the availability of exemptions is determined as of the commencement of a case. *See Carpenter v. Brown*, 13-CV-61183, 2013 WL 4047017, at *2 (S.D. Fla. Aug. 9, 2013) (Moore, J.) ("Exemptions are determined as of the date of the filing of the petition in bankruptcy court.") (citing 11 U.S.C. § 522(b)(2)(A) which provides that an individual debtor may exempt from his bankruptcy estate "any property that is exempt under Federal law . . . or State or local law that is applicable on the date of the filing of the petition."). This also applies in converted cases. *See Matter of Sandoval*, 103 F.3d 20, 23 (5th Cir. 1997) (holding that a homestead exemption must be determined as of the date of filing of a debtor's Chapter 13 petition rather than as of the date of conversion of the debtor's case to Chapter 7).

The issue, then, is whether Unit 106 qualified, or even could have qualified, as the Debtors' Florida homestead at the time they filed their petition for Chapter 13 bankruptcy, in August 2013. The Court finds it did not so qualify, nor could it have. "In Florida, homestead is established by actual occupancy of the subject property accompanied by the intent to reside in the property as one's homestead." *In re Callejo*, 14-25597 BKC AJC, 2015 WL 779002, at *2 (Bankr. S.D. Fla. Feb. 23, 2015) (Cristol, Bankr. J.). The Florida Constitution also requires ownership of the claimed homestead property. *See id.* (listing the requirements and limitations for determining one's homestead status). Here, there is no dispute that the Debtors, on the date they filed their Chapter 13 petition, neither owned nor resided in Unit 106. To the contrary, they owned and resided in Unit 204 and even identified Unit 204 as their exempt homestead for ad valorem property-taxation purposes. Their mere intent to one day make Unit 106 their Florida homestead is, by itself,

---

[1] The Court uses (cleaned up) to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g.*, *Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

insufficient. *See In re Bennett*, 395 B.R. 781, 789 (Bankr. M.D. Fla. 2008) (citing *Orange Brevard Plumbing & Heating Co. v. La Croix,* 137 So. 2d 201 (Fla. 1962) for the proposition that "intent alone is not a sufficient basis for the establishment of a homestead"). Accordingly, the Court finds the Debtors cannot claim Unit 106 as their Florida homestead for the purposes of this case.

Lastly, the Court is not persuaded by the Debtors' urgings, based on either overturned or otherwise non-binding or inapplicable caselaw, that the Court consider whether the equities in this case militate in favor of applying of the homestead exemption to Unit 106. Further, even if the Court were persuaded to consider the equities, the Debtors do not even come close to showing that the equities would, in any event, weigh in their favor. Additionally, under Federal Rule of Bankruptcy Procedure 1007(h), the Debtors were required to file a supplemental schedule disclosing the Debtor-wife's inheritance of Unit 106 "within 14 days after the information [came] to the debtor's knowledge or within such further time the court may allow." They did not do so. Instead, they waited until over five years after the death of the Debtor-wife's mother before disclosing their ownership of Unit 106. Indeed, rather than timely inform the bankruptcy court of the inheritance, the Debtors (1) proposed and obtained confirmation of a plan which failed to disclose to creditors or the Chapter 13 trustee that the Debtors held property (Unit 106) that could be applied to claims; (2) filed a false schedule, as late as February 2019, that failed to disclose the inherited property in the face of a pending motion to dismiss their bankruptcy case; (3) submitted income statements for 2015 that failed to disclose that their mortgage payments of $1600 per month had been eliminated mid-year because of the foreclosure of Unit 204; and (4) failed to submit income statements for periods after 2015, which would have disclosed the elimination of the $1600 per month in expenses that had been used to calculate their monthly Chapter 13 plan payments. Nothing about the record in this case indicates the equities weigh in the Debtors' favor.

### 3. Conclusion

As set forth above, the bankruptcy court properly sustained the Trustee's objection to the Debtors' claiming a homestead exemption for Unit 106. The Court therefore **affirms** the bankruptcy court's decision. The Clerk is directed to **close** this case and **deny** any pending motions **as moot**.

**Done and ordered**, at Miami, Florida, on September 30, 2020.

Robert N. Scola, Jr.
United States District Judge